**E-FILED**
Thursday, 30 June, 2005  10:55:46 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 03-CR-20027** |
| | ) | |
| **DANNY L. DIXON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the court on a limited remand from the United States Court of Appeals for the Seventh Circuit to determine whether this court would, if required to resentence, impose Defendant Dixon's original sentence. See United States v. Paladino, 401 F.3d 471, 484 (7th Cir. 2005). Pursuant to the Seventh Circuit's decision in Paladino, this court ordered the parties to submit their positions on the issue of Defendant's sentence in light of the decision of the United States Supreme Court in United States v. Booker, ____ U.S. ____, 125 S. Ct. 738 (2005). After obtaining the views of the parties, this court must now "place on the record a decision not to resentence, with an appropriate explanation," or advise the Seventh Circuit of this court's desire to resentence the defendant. Paladino, 401 F.3d at 484.

The record in this case shows that Defendant was indicted on April 4, 2003, and was charged with one count of distributing five grams or more of cocaine base ("crack") and one count of distributing fifty grams or more of cocaine base ("crack"). Defendant was released on bond, and subsequently fled the jurisdiction. He was a fugitive for several months before he was arrested in Jackson, Tennessee, on September 24, 2003. On November 24, 2003, Defendant pled guilty to both counts of the indictment without the benefit of a plea agreement. A presentence investigation report (PSR) was prepared.

According to the PSR, Defendant's final offense level was 40 based upon the large amount

of crack cocaine distributed by Defendant (more than 500 grams), obstruction of justice (fleeing the jurisdiction), and his aggravated role in the offense (using other individuals to distribute his drugs). Also, although Defendant pleaded guilty, he did not receive credit for acceptance of responsibility because he obstructed justice by fleeing the jurisdiction. Defendant's criminal history category was VI based upon 38 criminal history points. Defendant's final sentencing guideline range was therefore calculated to be 360 months to life imprisonment.

Defendant initially made several objections to the PSR. However, against his counsel's advice, he withdrew his objections prior to sentencing. As a result of the withdrawal of the objections, the Government recommended a sentence at the bottom of the guideline range. On April 8, 2004, a sentencing hearing was held. This court sentenced Defendant to a term of 360 months on each count, to run concurrently, five years supervised release on each count, and a $200 special assessment.

Defense counsel argued that this court should resentence Defendant and impose a lower sentence. Defense counsel argued that a thirty year sentence is over-kill in this case. She contended that, although Defendant does have 38 criminal history points, 20 of those points involve minor traffic offenses. Defense counsel argued that the nature and circumstances of the offense do not justify a 30-year sentence. Defense counsel contended that "a period of incarceration far less than thirty years will promote respect for the law, provide just punishment and afford adequate deterrence to criminal conduct."

The Government argued that the large scale of Defendant's criminal conduct coupled with his serious, recidivist criminal history make the 360 month concurrent sentences imposed in this case both appropriate and reasonable. The Government stated that, "[f]rankly, with an offense level of 40 and 38 criminal history points, the defendant was quite fortunate to receive a sentence of only 360 months." The Government recounted Defendant's lengthy criminal history, which began when he was

14 years old.  The Government noted that Defendant has had a remarkably uninterrupted history of failure to abide by the law, including conditions of courts, probation, and parole.  The Government further noted that the recitation of Defendant's extensive criminal history showed that Defendant "did not have any intervening period of law abiding behavior since he was 14 years old, other than periods of time that he was in jail or in prison" and that Defendant's "12 years of unrelenting criminal activity resulted in him amassing 38 criminal history points."  The Government argued that Defendant's record is distinguished by its sheer volume.  The Government contended that Defendant's criminal record and likelihood of recidivism are more substantial than many other defendants, making the sentence of 360 months imprisonment both appropriate and reasonable.

This court has considered the arguments of counsel, the advisory sentencing guidelines, the reasons for the original sentence, and the factors set forth in 18 U.S.C. § 3553(a).  Based upon Defendant's criminal history and the nature of the offenses to which he pleaded guilty, this court finds that, had this court known that the guidelines were advisory, it would have imposed the same sentence.  Defense counsel's attempts to minimize Defendant's criminal history, by arguing that many of the points are based upon traffic offenses, is unavailing.  The Government is correct that the full account of Defendant's criminal history shows a repeated disrespect and contempt for the law.  This was further exemplified by Defendant's fleeing the jurisdiction when he was out on bond in this case.  This court would, therefore, adhere to its original sentence in this case.

For these reasons, this court advises the United States Court of Appeals for the Seventh Circuit that it would have imposed the same sentence on Defendant even if it was aware that the sentencing guidelines were merely advisory.

ENTERED this 30th day of June, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

3