IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff-Respondent, | )<br>)<br>) |
| v. | )   Case No. 03-CR-20027 |
| DANNY L. DIXON,<br>    Defendant-Petitioner. | )<br>)<br>) |

MOTION TO REDUCE THE TERM OF IMPRISONMENT
UNDER 18 U.S.C. SECTION 3582(c)(2)

FILED
APR 2 8 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### I. INTRODUCTION

Defendant-petitioner (petitioner) Danny L. Dixon, respectfully requests this Court to reduce his term of imprisonment pursuant to 18 U.S.C. §3582(c)(2) which authorizes a defendant to move for a reduction of his sentence when a subsequent amendment to the Sentencing Guidelines lowers his relevant sentencing range and the reduction is consistent with the policies of the Sentencing Commission. The district court sentenced defendant to 360 months in prison under the mandatory Sentencing Guidelines. Those Guidelines are no longer mandatory but advisory due to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 245-46 (2005).

The U.S. Sentencing Commission has recently reduced it's recommended sentencing for crack related sentences by 2 offense levels. See: U.S. sentencing Commission's Amendment 9 (706).

Petitioner has a crack related sentence and he's entitled to a reduction in his sentence due to the recent Amendment 9.

In light of Booker, and Apprendi progeny, the Court is required to treat the United States Sentencing Guidelines (USSG) as advisory. This applies to the resentencing of Mr. Dixon, pursuant to §3582(c)(2). See: United States v. Hicks, No. 06-30193, 473 F.3d 1167 (9th Cir. 2007).

The advisory sentencing regime pursuant to Booker, which prohibits upward Guideline adjustments ("such as leadership role or an uncharged firearm") based on judicial fact finding, and the severed provision of the Sentencing Guidelines that made them mandatory, is the version of the Sentencing Guidelines that is applicable in resentencing Danny L. Dixon. See: United States v. Forty Estremera, 498 F. Supp. 468 (D. Puerto Rico, August 1, 2007).

Imposing a sentence under the advisory sentencing regime, the Court must begin by calculating the applicable Guideline range and once that is established, the Court evaluates the statutory sentencing factors to determine whether a Guidelines or non-Guidelines sentence is warranted. See: 18 U.S.C. §3553(a)(4), and USSG §1B1.1 et seq.

Petitioner entreats this Court to apply Booker, supra, in his resentencing.

This Court should reduce petitioner's term of imprisonment because his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and reduction of his sentence is consistent with the applicable Sentencing Guide-

lines policy statements. See: 18 U.S.C. §3582(c)(2).

II. **BACKGROUND**

On April 4, 2003, the defendant was indicted on one count of distributing 5 grams or more of cocaine base ("crack") and one count of distributing fifty grams or more of cocaine base, both in violation of 21 U.S.C. §841(a).

On November 24, 2003, the defendant pleaded guilty to both counts of the indictment without benefit of a plea agreement.

A Presentence Investigation Report (PSR) was prepared by the Probation Department and though his base offense level should have been 32 by what was reflected by the guilty verdict alone, the Probation Department made a determination that the defendant was accountable for relevant conduct drug amount of 500 grams or more of cocaine base and recommended an enhanced base offense level of 38. The PSR further recommended that Mr. Dixon's sentence be increased by 2 more levels alleging that he had obstructed justice, pursuant to §3C1.1, raising his total offense level to 40, at Criminal History Category VI, warranting a Sentencing Guideline range of 360 to life.

Defendant objected to the PSR's recommended enhancements, but his objections were overruled by the court. The sentencing court adopted the PSR recommendations and sentenced Mr. Dixon to 360 months of imprisonment, five years of supervised release on each count, concurrently, and a $200.00 special assessment.

Petitioner's 360 month sentence should be reduced.

3

III. **ARGUMENT**

Section 3582(c) of Title 18 authorizes a defendant to move for a reduction of his sentence when a subsequent amendment (9) to the Sentencing Guidelines lowers his relevant sentencing range and the reduction is consistent with the policies of Sentencing Commission. 18 U.S.C. §3582(c)(2) provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o). Upon motion of the defendant or the Director of the Bureau of Prisons or on it's own motion, the court may reduce the term of imprisonment after considering the factors set forth in Section 3553(a) to the extent that they are applicable if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Mr. Dixon's case, the §3582(c)(2) criteria is satisfied: (1) his sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), in light of the recent retroactive Amendment 9 to the Guidelines (allowing a 2 level decrease in his offense level). And (2), taking into account the relevant §3553(a) factors; reducing his sentence is consistent with the applicable policy statements issued by the Sentencing Commission.

4

Petitioner is requesting that this Court grant him the 2 level decrease in his offense level and reduce his sentence in accordance with Amendment 9 and §3553(a). Petitioner requests that this Court reduce his offense level from 32 to 30 at Criminal History Category VI, and resentence him to 168 to 210 months in prison.

As an alternative to the 2 level decrease above, petitioner is requesting a full resentencing hearing pursuant to §§3582(c)(2) and 3553(a).

The increase for the 500 grams or more of crack as relevant conduct, or the other 2 level increase for obstructing justice under §3C1.1 should not be added. These issues were never charged or proven, and in light of Apprendi and it's progenies - mainly Booker - the enhancements are unlawful. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court placed some limits on judge-imposed enhancements. The Court held that any fact that increases a criminal sentence beyond that prescribed by statutory maximum, other than a prior conviction, has to be submitted to a jury and proven beyond a reasonable doubt.

In January, 2005, however, the Supreme Court reduced the Federal Sentencing Guidelines from mandatory to advisory only. United States v. Booker, 125 S.Ct. 738 (2005). The slide actually had begun the year before with Blakely v. Washington, 124 S.Ct. 2531 (2004). Blakely explained that when Apprendi used the phrase, "prescribed statutory maximum," it meant the maximum sentence a judge could impose solely on the bases of the facts reflected in the jury's verdict or admitted by the defendant, not (as was com-

5

monly understood) the maximum statutory sentence prescribed by the legislature for the particular offense. Blakely, 124 S.Ct. at 2531. The Court applied the same reasoning to the federal Sentencing Guidelines. Booker, 125 S.Ct. at 749. After Blakely, prosecutors began alleging sentencing enhancements in the indictment, but that didn't occur in petitioner's case.

Under the Sixth Amendment any fact that exposes a defendant to a greater potential sentence should be found by a jury, not a judge. The Fifth Amendment right to due process is also implicated when a sentence is increased based on judge-found facts, especially for those enhancements that constitute similarities to a separately charged b/e crime. There is no principle reason why the protections of due process should not apply to petitioner's resentencing on his §3582(c)(2) motion. The Supreme Court has not directly addressed this issue (Fifth Amendment at sentencing), though circuits have adhered to their long standing position that sentencing facts only need be found by a preponderance of the evidence. That position is starting to fracture. United States v. Grier, 475 F.3d 556 (3rd Cir. 2007) (en banc).

Petitioner is asking that this Court not consider these enhancements at his resentencing, and that a reasonable sentence is imposed pursuant to §§3582(c)(2) and 3553(a).

In Rita v. United States, 127 S.Ct. 2456, 168 L.Ed. 2d 203 (2007), the Supreme Court upheld Sixth Amendment requirements at sentencing and reasoned that district courts must treat the Guidelines as the "starting point and initial benchmark" and impose

reasonable sentences. The further a judge's sentence departs from the Guidelines, in either direction, the more compelling the justification based on the §3553(a) factors must be. The Court is required to calculate the Guideline range accurately, though it is not necessary to discuss each §3553(a) factor individually. United States v. Lopez, 430 F.3d 854, 857 (7th Cir. 2005).

In light of the Supreme Court's recent decision in Kimbrough v. United States, No. 06-6330 (2007) this Court now has the discretion to consider the harness of the crack policy in sentencing, and resentence Mr. Dixon below the Guideline range in an option based on unfairness of the 100 to 1 quantity disparity between powder and crack. It now is permissible for this Court to either resentence Mr. Dixon to the statutory mandatory minimum sentence of 10 years or to a a determined advisory Guideline range of <u>30</u> at Category VI (210 months) being the highest after the two level decrease without the enhancements. Or, to an advisory Guideline range of <u>32</u> at Category VI (210 to 262 months) being the 2 level reduction at the lawful level with the §3C1.1 enhancement. This would be based on the lawful offense level as reflected by his guilty verdict, as to what was charged in his indictment and proven or admitted to.

This is not an attempt on the petitioner's behalf to rehash his case, now should it's arguments be construed as a §2255. It is what is captioned - a §3582(c)(2) motion for a 2 level decrease in the petitioner's offense level, asking this Court to reduce his dentence in light of the U.S. Sentencing Commission's Amendment 9

to the U.S. Sentencing Guidelines, seeking a reasonable sentence as aforementioned in the request that this Court consider each of the above sentencing options to ensure that Mr. Dixon is given a reasonable sentence in accordance with §3553(a).

## CONCLUSION

Petitioner, Danny L. Dixon respectfully requests that his §3582(c)(2) motion is granted and his sentence is reduced.

Respectfully submitted,

Danny L. Dixon, Pro Se

Notice of Filing

and

Certificate of Service

---

I, the undersigned, certify that I placed into the U.S. Mail for filing with the Clerk of the U.S. District Court for the Central District of Illinois, a "Motion to Reduce the Term of Imprisonment..." ; a "Motion Under Fed.R.Crim.P. Rule 32..."; and a "Motion for Appointment of Counsel..." with a true copy of each additionally placed into the inmate legal mailbox depository at USP Terre Haute, with full postage prepaid and affixed and addressed to:

> Eugene L. Miller
> Assistant U.S. Attorney
> 201 South Vine Street
> Urbana, Illinois 61802

service of which is being made upon you.

4-23-08
Date

Danny L. Dixon
Reg. No. 14066-026
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808