IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,   )
    Plaintiff-Respondent,   )
    )
    )
v.   )   Case No. 03-20027
    )
    )
DANNY L. DIXON,   )
    Defendant-Petitioner.   )

MOTION UNDER FED.R.CRIM.P.
RULE 32(c)(3)(A), AND (D)

FILED
APR 2 8 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

    **NOW COMES** the defendant-petitioner (petitioner) Danny L. Dixon pro se, and moves this Honorable Court pursuant to Fed.R.Crim.P. Rule 32(c)(3)(A), and (D), requesting that a new Presentence Report (PSR) be prepared and that petitioner be given a full resentencing hearing on his pending 18 U.S.C. Section 3582(c)(2) motion proceeding.

    In support thereof petitioner states as follows:

    1) That on ___4___/_23_/2008, he filed a motion to reduce his sentence under 18 U.S.C.S. §3582(c)(2), in light of the U.S. Sentencing Commission's recent Amendment 9 to the Sentencing Guidelines, lowering it's recommended sentencing range for "crack"

1

cocaine related sentences, by two (2) levels. Petitioner, Danny L. Dixon, fits the criteria for a sentence reduction consistent with §3582(c)(2) and it's policy statement outlines in USSG §1B1.10(a).

2) That when petitioner was sentenced before on _April_ / _8th_ / _2004_, the U.S. Sentencing Guidelines were then mandatory and the finding made by this Court involving petitioner being accountable for 500 or more grams of crack as relevant conduct, under §2D1.1, and an enhancement for obstruction of justice under §3C1.1 which were both, maybe permissible under the then mandatory sentencing Guideline regime.

Since then, the mandatory Sentencing Guidelines have been found unconstitutional in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005).

The U.S. Sentencing Guidelines are no longer mandatory but advisory. See: Booker, 543 U.S. 220 at 245-46 (2005). Therefore, a new Presentence Report is required along with a full resentencing hearing after, for the following reasons:

   a)   The petitioner must be resentenced under the now Booker advisory Guideline scheme. See: United States v. Jones, 2007 WL 2703122 (D. Kan Sept. 17, 2007); United States v. Forty Estremera, 498 F. Suppl 2d 468, 471-72 (D. P.R. 2007).

   b)   The accountable drug amount of 500 grams or more of crack is impermissible and disputable under Booker and Blakely, which authorities this Court must follow at re-

sentencing under the advisory Guideline regime, thus requiring that Mr. Dixon's base offense level be set at <u>32</u> by what was established by the jury verdict alone.

c) That petitioner's §2D1.1 and §3C1.1 enhancements for relevant conduct is now disputable under <u>Booker</u> -<u>Blakely</u> and <u>Booker's</u> advisory Guideline scheme because neither was charged in his indictment or proved by a jury.

Therefore, a new PSR and Presentence Investigation is required, as well as a full resentencing hearing under the <u>Booker</u> advisory Guidelines.

> Fed.R.Crim.P. 32(c)(A) involves three principle changes from the prior rule: disclosure of the report is not limited to those situations in which a request is made; disclosure is provided to both the defendant and the defense counsel; and disclosure is required a reasonable time before sentencing. The defendant is to be permitted to review the report and to contest erroneous information, and the report must be disclosed sufficiently before sentencing to permit assertion and resolution of claims of inaccuracy and to permit the defendant to make submissions of additional information and make informed com-

3

ments on the report.

There has been a principle change from the prior rule. The Guidelines were changed from mandatory to advisory, relevant conduct enhancements may be impermissible and sentences imposed under the <u>Booker</u> advisory Guidelines must be reasonable in accordance with §3553(a) and what was reflected lawfully by the jury verdict.

In a case where the applicable sentencing range has been lowered by the Sentencing Commission, 18 U.S.C. Section 3582(c)(2) authorizes a sentence reduction if the application has been held retroactive. The petitioner's accountable drug amount and obstructing justice enhancements were neither found by a jury or admiited.

> Crim.P. 32(c)(3)(D) are triggered and the sentencing judge is obligated to make a finding as to the allegation or determine that the finding is not necessary because the controverted matter is not being relied upon in sentencing.
> See: United states v. Rone, 743 F.2d 1169, (7th Cir. 1984).

The petitioner is to be resentenced under the new <u>Booker</u> advisory Guideline scheme. Therefore, a new PSR and full resentencing is required.

WHEREFORE, petitioner, Danny L. Dixon respectfully requests that his motion is granted and a new PSR is ordered and he is given a full resentencing hearing.

Danny L. Dixon, Pro Se

4