## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 03-CR-20027** |
| | ) | |
| **DANNY LEON DIXON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

This case is before the court for ruling on the Amended Motion to Reduce Sentence (#61) filed by Defendant, Danny Leon Dixon. After carefully considering the arguments of the parties and the applicable law, this court concludes that Defendant is eligible for a reduction in his sentence. However, this court further concludes that the reduction should be limited due to Defendant's extensive criminal history and the need to protect the public. The need to protect the public is based, in part, on Defendant's post-sentencing conduct while in prison. Accordingly, Defendant's Amended Motion to Reduce Sentence (#61) is GRANTED in part and DENIED in part. Defendant's sentence will be reduced. However, instead of the 324 month sentence requested by Defendant, this court hereby reduces Defendant's sentence from 360 months to 348 months.

## BACKGROUND

On April 4, 2003, Defendant was charged by indictment (#1) with one count of knowingly distributing five grams or more of a mixture containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and one count of knowingly distributing 50 grams or more of a mixture containing cocaine based (crack), in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). On November 24, 2003, Defendant entered an open plea of guilty to both charged offenses. On April 8, 2004, a sentencing hearing was held. Defendant waived his objections to the Presentence Investigation Report and the Government then recommended a sentence at the low end of the applicable sentencing guideline range. Defendant was sentenced to a term of 360 months in the Federal Bureau of Prisons on each count, to run concurrently. Defendant appealed to the Court of Appeals for the Seventh Circuit. On January 12, 2005, while Defendant's appeal was pending, the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005) and determined that the United States Sentencing Guidelines are advisory rather than mandatory.

On April 19, 2005, the Seventh Circuit ordered a limited remand of Defendant's sentence because of the Booker decision (#36). The Seventh Circuit gave this court the opportunity to determine whether it would have imposed the same sentence even if it had thought that the sentencing guidelines were merely advisory. On April 22, 2005, this court entered an Order (#37) and ordered the parties to state, in writing, a position regarding whether a different sentence would have been imposed based upon the fact that the sentencing guidelines are advisory rather than mandatory. The parties filed their Position statements (#37, #38).

On June 30, 2005, this court entered an Order (#40). This court noted that Defendant was released on bond after he was charged in this case and subsequently fled the jurisdiction. Defendant was a fugitive for several months before he was arrested in Jackson, Tennessee. This court further noted that Defendant's final offense level was 40 based upon the large amount of crack cocaine distributed by Defendant (more than 500 grams), obstruction of

justice (fleeing the jurisdiction), and his aggravated role in the offense (using other individuals to distribute his drugs). Also, although Defendant pleaded guilty, he did not receive credit for acceptance of responsibility because he obstructed justice by fleeing. This court also noted that Defendant's criminal history category was VI based upon 38 criminal history points, leading to a sentencing guideline range of 360 months to life imprisonment. This court stated:

> This court has considered the arguments of the parties, the advisory sentencing guidelines, the reasons for the original sentence, and the factors set forth in 18 U.S.C. § 3553(a). Based upon Defendant's criminal history and the nature of the offenses to which he pleaded guilty, this court finds that, had this court known that the guidelines were advisory, it would have imposed the same sentence. Defense counsel's attempts to minimize Defendant's criminal history, by arguing that many of the points are based upon traffic offenses, is unavailing. The Government is correct that the full account of Defendant's criminal history shows a repeated disrespect and contempt for the law. This was further exemplified by Defendant's fleeing the jurisdiction when he was out on bond in this case. This court would, therefore, adhere to its original sentence in this case.

This court therefore advised the Seventh Circuit that it would have imposed the same sentence on Defendant even if it was aware that the sentencing guidelines were merely advisory. On August 26, 2005, the Seventh Circuit issued its mandate (#41) and affirmed

the judgment of this court.

## MOTION TO REDUCE SENTENCE

On November 2, 2011, Defendant filed a pro se Motion to Reduce Sentence (#60) based upon the 2011 retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. This court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant in this matter.

On February 28, 2012, Defendant, through counsel, filed an Amended Motion to Reduce Sentence (#61). Defendant stated that, pursuant to retroactive Amendment No. 750 to the United States Sentencing Guidelines (U.S.S.G.), Defendant's base offense level has been reduced from 36 to 32. Adding the 4 levels of enhancement for obstruction of justice and aggravated role in the offense, Defendant's total offense level has been reduced from 40 to 36. Defendant stated that, with his criminal history category of VI, his new guideline sentencing range is 324 to 405 months. Defendant acknowledged that prison records document a few incidents involving Defendant while he has been incarcerated. Defendant stated that the prison has already imposed sanctions for each of these incidents. He argued that denying the benefit of a guideline adjustment based upon these incidents would result in counting the conduct against him twice. Defendant also argued that he was incarcerated in the Federal Bureau of Prisons from the age of 27 under circumstances where his cooperation was well known. Defendant argued that he "faces constant threat of death" and "has had to defend himself against attacks from other inmates in order to survive." Defendant argued that, considering the length of time he has been incarcerated, where he has been located, the young age at which he was imprisoned, and the length of his future

4

sentence under any scenario, there are no institutional adjustment or public safety factors which would warrant denial of his Amended Motion. Defendant noted that his current anticipated release date is 2030.

On March 19, 2012, the Government filed its Response to Defendant's Amended Motion to Reduce Sentence (#62). The Government acknowledged that the retroactive amendment to the sentencing guidelines is applicable to Defendant's case. However, the Government objected to a reduction in Defendant's sentence based on the applicable Section 3553(a) factors, public safety considerations, and Defendant's post-sentencing conduct.

The Government argued that, according to Bureau of Prisons records obtained by the U.S. Probation Office, Defendant has continued to show "repeated disrespect and contempt for the law" since he was sentenced on April 8, 2004. The Government attached a copy of these records and noted that they show the following: (1) on February 10, 2005, Defendant was disciplined for possessing narcotics and intoxicants in the Bureau of Prisons; (2) on April 20, 2005, Defendant was insolent to a staff member; (3) on May 7, 2005, Defendant refused to obey an order; (4) on June 21, 2006, Defendant failed to follow safety regulations; (5) on November 2, 2006, Defendant was found in an unauthorized area, refused to obey an order, and was insolent to a staff member; (6) on November 30, 2006, Defendant committed an assault; (7) on December 2 and 3, 2006, Defendant committed "phone abuse" by disrupting the monitoring; (8) on January 16, 2007, Defendant was found outside another housing unit and threatened to commit bodily harm when told to leave; (9) on March 27, 2007, Defendant possessed a dangerous weapon (which he denied); (10) on April 11, 2007, Defendant possessed a dangerous weapon (which he admitted); (11) on October 15, 2008,

Defendant possessed another dangerous weapon, namely, a 8.5 inch metal "shank" that had been sharpened to a point; (12) on June 22, 2009, Defendant assaulted another inmate with a razor blade that was melted between two toothbrushes; and (13) on August 20, 2009, Defendant refused to submit to restraints and return to his cell at the conclusion of a recreation period. The records show that Defendant was sanctioned for his conduct, sometimes with loss of time off his sentence for good conduct.

The Government also recounted Defendant's lengthy criminal history which began when he was 14 years old and which the Government stated showed Defendant "had a remarkably uninterrupted history of failure to abide by the law, including conditions of courts, probation, and parole, during his entire adult life." The Government noted that Defendant's 12 years of unrelenting criminal activity resulted in him amassing a huge number of criminal history points, which did not even include many arrests and serious charges that were dismissed for various reasons. The Government argued that this court must consider the nature and seriousness of the danger to the community that may be posed by a reduction in Defendant's sentence in determining whether a reduction is warranted. U.S.S.G. § 1B1.10, comment n.1(B)(ii). The Government also argued that this court may consider Defendant's post-sentencing conduct to determine whether a sentence reduction is warranted. U.S.S.G. § 1B1.10, comment n.1(B)(iii). The Government argued that a sentence reduction is not warranted in this case based upon Defendant's extensive and egregious criminal history and Defendant's post-sentencing conduct. The Government argued that "[m]ost troubling is his repeated possession of dangerous weapons while in prison, including a 8.5 inch metal shank and a razor blade melted between two toothbrushes that he used to assault another

inmate." The Government argued that Defendant's Amended Motion to Reduce Sentence should be denied.

ANALYSIS

The applicable statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This statute "permits defendants sentenced based on a sentencing range that has been modified to move for a reduced sentence." Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011). "Section 3582(c)(2) gives the judge discretion; it does not compel the judge to exercise that discretion favorably to any particular defendant." United States v. Neal, 611 F.3d 399, 401 (7th Cir. 2010).

"Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' -namely, § 1B1.10 [of the U.S.S.G.]." Dillon v. United States, ___ U.S. ___, 130 S. Ct. 2683, 2691 (2010). The Supreme Court in Dillon stated:

The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).

Following this two-step approach, a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.

Dillon, 130 S. Ct. at 2691. The Supreme Court also stated that ""[c]onsistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized." Dillon, 130 S. Ct. at 2691. The Supreme Court then stated:

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to

transform the proceedings under § 3582(c)(2) into plenary resentencing

proceedings.

Dillon, 130 S. Ct. at 2692.

Based upon Dillon, this court must first determine Defendant's eligibility for a sentence reduction. In this case, the parties agree that Defendant is eligible for a reduction under the amendment to the Sentencing Guidelines. Defendant's sentencing guideline range has been reduced to 324 to 360 months. Defendant has pointed out that he was sentenced to the low end of the sentencing guideline range when the range was 360 months to life and has now asked for a low end sentence of 324 months.

However, the Government is correct that the comments to § 1B1.10 state that, in determining the extent of any reduction in sentence, this court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and may consider "post-sentencing conduct of the defendant." U.S.S.G. § 1B1.10, comment n.1(B)(ii), (iii). In this case, this court concludes that any reduction in Defendant's sentence must be limited based upon his criminal history and post-sentencing conduct. This court concludes that a reduction to 324 months is not warranted in this case.

At step two, this court must consider the factors set out in § 3553(a) and determine, in its discretion, whether a reduction should be made and the amount of any reduction. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court agrees with the Government that Defendant has an abysmal criminal history and, based upon his criminal history and his post-sentence conduct, there is a need to protect the public. However, in exercising its discretion, and considering the lengthy sentence imposed on this Defendant, this court concludes that this case warrants limiting the reduction in Defendant's sentence rather than completely denying a reduction in Defendant's sentence. This court concludes that the appropriate reduction is a reduction to 348 months.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Amended Motion to Reduce Sentence (#61) is GRANTED in part and DENIED in part. Defendant's sentence will be reduced. However, instead of the 324 month sentence requested by Defendant, this court hereby reduces Defendant's sentence

from 360 months to 348 months.

(2) Defendant's pro se Motion to Reduce Sentence (#60) is hereby found MOOT.

ENTERED this 30th day of March, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE