# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 13, 2020
Decided October 16, 2020

*Before*

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*



No. 20-2973

| | |
|---|---|
| DANNY L. DIXON, *Applicant*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *Respondent*. | On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review. |

**O R D E R**

Danny Dixon pleaded guilty and was sentenced to 360 months' imprisonment for two counts of possessing with intent to distribute crack cocaine. After a limited remand based on claims that are not relevant here, we affirmed. *United States v. Dixon*, 140 F. App'x 626 (7th Cir. 2005). Dixon then moved to vacate his conviction under 28 U.S.C. § 2255. The district court denied his motion, and Dixon did not appeal. No. 06-2148 (C.D. Ill. Apr. 19, 2007).

Years later, in the wake of the First Step Act of 2018, the district court reduced Dixon's prison term to 300 months, refusing to grant immediate release as Dixon sought. No. 03-cr-20027 (C.D. Ill. Aug. 21, 2019). Dixon did not appeal.

No. 20-2973 Page 2

Now, however, Dixon applies for our leave to file a successive collateral attack under 28 U.S.C. §§ 2244(b) and 2255(h). He asserts that the district court considered inaccurate drug quantities when it granted him a too-small sentence reduction under the First Step Act. Yet if the district court's decision were wrong, Dixon could have appealed, but he did not. In any event, a successive § 2255 motion must be based either on a new rule of constitutional law that the Supreme Court has made retroactive or on new and decisive proof of innocence. 28 U.S.C. § 2255(h). Dixon's belated challenge to the size of his sentence reduction does not meet that standard.

We therefore **DENY** authorization and **DISMISS** Dixon's application.