In the United States District Court
Central District of Illinois

| | | |
|---|---|---|
| Danny L. Dixon | ) | District court # |
| Petitioner/defendant | ) | Case # 03-20027 |
| | ) | |
| V. | ) | Motion Pursuant |
| | ) | to 18 U.S.C. 3582(c) |
| United States of America | ) | |
| Respondent, | ) | |

FILED
OCT 21 2020
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Now comes the Petitioner Danny L. Dixon pro se ASK This honorable court to grant this Motion, under 3582,c the court miscalculated the sentencing Guidelines, which is a procedural Error, Petitioner states the following:

1) The probation officer incorrectly added several criminal History points to the defendants presentence report, which resulted in the defendant being Sentence above the appropriate Guidelines,

2) The Sentencing Guidelines represent the federal Government's authoritative view of the appropriate sentence for a specific crimes,

3) The Probation officer after investigating the

page 1 of 4

background both of the offenses and of the offender prepare a presentence report see, federal Rules of Criminal Procedure 32(c)(d).

4) The Probation officer improperly gave Mr Dixon 3 points for the following convictions under case #s 96-CF-430, 98-CF-348, and 99-CF-159

5) The Probation officer improperly gave Mr Dixon 2 points for each prior Traffic conviction, under case #s 96-TR-3477, 96-TR-7463, 96-CM-721, 96-TR-9311 96-TR-10043, 96-TR-10637, 96-TR-10639, 96-TR-10944 96-TR-11210, 96-TR-11979, 97-TR-485, 92-J-155, 03-TR-923

6) The Defendant was not entitled to criminal History points due to intervenes sentences, on all these cases

7) On the 3 cases the defendant received 3 point on each case on, The sentence was received at the same time and the sentences was ran concurrently

8) The same occured which the traffic trickets

page 2 of 4

All the Traffic tickets were deposed at the same time and ran concurrently.

9) Therefore the Defendant should have only received 5 points in the criminal History Category

10) The court was not aware of this mitigating factor at Sentence, because the defendant was indigent of the law, and the probation officer made a clear error.

11) The Guidelines establish the essential framework for Sentencing proceedings. Sentencing courts must begin their analysis with the Guidelines and remain cognizant of them throughout the Sentencing process Peugh v. United States 569 U.S. 133 S.ct 2072, 2083 186 L.Ed 2d 84 (2013)

12) The court must consider that the probation officer made a clear Error in calculating the defendants Criminal History point.

13) However due to this error the Defendants Criminal History rose from a Category 4 to a category 6.

page 3 of 4

19) This is a clear miscalculation of the Sentencing Guidelines which is a procedural error Quoting Gall v. United States 552 U.S. 38, 50 n.6 128 S.Ct 586, 169 L.Ed 2nd 445 (2007)

Conclusion: The defendant ask this honorable court to grant this motion in the interest of justice, The record is clear that the probation officer made a plain error in calculating Mr Dixon criminal History points which improperly cause the defendant to be sentence under category 6 which is a procedural error, The defendant is clear that is was not the courts fault, had the court been aware of the Intervenes Sentencing The defendant would have been sentence under the correct guidelines, Mr Dixon ask this court to correct his sentence, And Mr Dixon states that he has been imprisoned past the appropriate time allow at the correct Sentencing table, and ask the court to dismiss his Supervision/parole, In the interest of Justice

Danny Sean Dixon
14066-026

14066-026

Page 4 of

## Certificate of Service

I Danny L. Dixon Hereby certify under penalties of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, a complete copy of the following motion was sent to the court,

Motion Pursuant to 18 U.S.C. § 3582(C)

Which is deemed filed on the date it was presented to prison official for forwarding to the United states Postal Service, see Houston V. Lack 10L L.Ed 2d 245 (1988) upon the court and served parties to the litigation and/or his/her Attorneys of Record by placing the same in a sealed prepaid stamped envelope address to: office of the Clerk United States District Court Central District of Illinois, Room #305, Federal Building, 100 N.E. Monroe, Peoria, Illinois, 61602

And deposit in the legal mail depository for the United States post office at USP Thomson on this 15th day of October 2020

Dated
10-15-20

Respectfully submitted by,
Danny Dixon #14066-026
A.U.S.P
P.O. Box 1002
Thomson, IL, 61285

14066-026

INMATE NAME Sonny Dixon
REGISTER NUMBER 14066-026
ADMINISTRATIVE UNITED STATES PENITENTIARY
P.O. BOX 1001
THOMSON, IL 61285

Legal Mail

INMATE IDENTIFICATION CONFIRMED

QUAD CITIES IL 612
19 OCT 2020 PM 1 T

United States District Court
Central District of Illinois
Office of the Clerk  Room 305
Federal Building
100 N.E. Monroe
Peoria, Illinois, 61602